KELLY, Circuit Judge,
concurring.
Young and Mock were charged with two federal crimes: (1) using facilities of interstate commerce in the commission of a murder-for-hire (Count 2); and (2) “con-spirting] to do so” (Count 1), both in violation of 18 U.S.C. § 1958. While I concur in the court’s judgment to affirm these convictions, I write separately because I sense an increasing misunderstanding of the relevant statute at issue in this case.
“Section 1958(a) is not a murder statute; it is a carefully-drafted federal criminal law of constitutionally limited scope.” United States v. Delpit, 94 F.3d 1134, 1150 (8th Cir.1996). Section 1958 reads as follows:
Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be [punished according to this statute].
18 U.S.C. § 1958(a). As we have previously explained:
This statute is relatively straightforward, both in what it prohibits and in what it does not reach. It does not prohibit murder or attempted murder. Instead, it outlaws using interstate-commerce facilities with the intent that murder-for-hire be committed. Once the interstate-commerce facility is used with the required intent the crime is complete. One who travels or causes another to travel in interstate commerce with the necessary murderous intent need not do anything else to violate the statute. See United States v. McGuire, 45 F.3d [1177,] 1186-87 [(8th Cir.1995)]. It is clear, moreover, that a defendant can violate § 1958(a) without actually hurting or killing anyone, because the statute provides for enhanced punishment when death or injury results from the defendant’s violation of the statute. If there were any doubt, it would be dispelled by the clear legislative history:
The gist of the offense is the travel in interstate commerce or the use of the facilities of interstate commerce or of the mails with the requisite intent and the offense is complete whether or not the murder is carried out or even attempted.
Delpit, 94 F.3d at 1149-50 (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 306 (1984), reprinted in, 1984 U.S.C. Cong. & Admin. News 3182, 3485). Thus, the elements of Count 2, as relevant to this case, are that a defendant (1) used a facility in interstate commerce, or caused another to do so; (2) with the intent that a murder be committed; (3) “as consideration for a promise or agreement to pay,” i.e., “for hire.” Id. at 1149.
*785 In this case, the government started its closing argument by addressing the elements of the offense. After listing a few examples of the use of a facility .in interstate commerce, including the use of a telephone or a debit card, the government argued to the jury: “So clearly interstate facilities have been used in furthering this crime.” But Young and Mock were not charged with using a facility of interstate commerce “in furtherance of’ the crime of murder or murder-for-hire. Rather, they were charged with using a facility of interstate commerce, with the requisite intent.[8] To the extent some of our cases suggest otherwise, I respectfully submit that Del-pit provides the more accurate reading of the statute. Compare Delpit, 94 F.3d at 1149-51, with United States v. Basile, 109 F.3d 1304, 1310-13 (8th Cir.1997), and United States v. Mueller, 661 F.3d 338, 345-47 (8th Cir.2011).[9]

. The government also argued that "every phone call to the insurance companies” would be sufficient to establish the element of "use” beyond a reasonable doubt. Any phone call made after the murder, however, cannot be the "use” that amounts to the crime. Logically speaking, a person cannot "use” a facility of interstate commerce with the requisite intent after the murder has occurred.

. Similarly, the conspiracy charged in this case was not a simple conspiracy to commit murder or even to commit a murder-for-hire, which happens to involve the use of a facility of interstate commerce. "To prove a conspiracy, the government needed to prove an agreement, between at least two people, the objective of which was to violate federal law.” Delpit, 94 F.3d at 1151. Under § 1958, the object or illegal purpose of the charged conspiracy is to use a facility of interstate commerce with the intent to commit a murder-for-hire. See id. (reversing § 1958 conspiracy conviction because "[t]he government presented no evidence suggesting that Lynn conspired to cause [another person] to travel, or that she conspired with [another person] to travel, with the intent that a murder-for-hire be committed” (emphasis added)).